**V. JAMES DESIMONE LAW**
V. James DeSimone, SBN 119668
13160 Mindanao Way Suite 280
Marina Del Rey, California  90292
Telephone: (310) 693-5561
Fax:  (323) 544-6880

**NAVAB LAW**
Kaveh Navab (SBN: 280235)
13160 Mindanao Way, Suite 280
Marina Del Rey, California 90292
Telephone: 310.826.1002
Email: navablaw@gmail.com

*Attorneys for Plaintiff,*
DANIEL GARZA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GARZA, an individual;, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LOS ANGELES; Police Officer MARIO CARDONA; Police Chief CHARLIE BECK, in his individual and official capacity; DOES 1-10, inclusive, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983) <br> 2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983) <br> 3. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983) <br> 4. False Arrest/False Imprisonment <br> 5. Assault and Battery <br> 6. Negligence <br> 7. Violation of Bane Civil Rights Act (Civil Code § 52.1) <br> 8. Intentional Infliction Of Emotional Distress <br> 9. Negligent Infliction Of Emotional Distress <br><br> **DEMAND FOR JURY TRIAL** |

///

///

///

## COMPLAINT FOR DAMAGES

Plaintiffs DANIEL GARZA, for his complaint against Defendants Police Officer MARIO CARDONA, CITY OF LOS ANGELES, Police Chief CHARLIE BECK, and DOES 1-10 ("hereinafter collectively Defendants"), inclusive, allege as follows:

## INTRODUCTION

1.     This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the officer's unjustified attack, assault and use of force, handcuffing, arrest and detention of DANIEL GARZA by DEFEDANT Officer MARIO CARDONA of the Los Angeles Police Department.

2.     DEFENDANT LAPD POLICE CHIEF CHARLIE BECK ("CHIEF BECK") has failed to impose adequate discipline on his officers who committed different types of excessive force, creating a culture of impunity within the LAPD that encourages such violence and incidents of unreasonable force against the public.

3.     DEFENDANT CITY OF LOS ANGELES ("CITY") by summarily rejecting Mr. Garza's claim for Damages, has proved unwilling to accept responsibility for the wrong committed by its officers. The City continues to violate its citizen's rights by ignoring the allegations and preventing these incidents from happening.

4.     DEFENDANTS DOES 1-5 ("DOE OFFICERS") are directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983.

5.     DEFENDANTS, CITY and DOES 6-10 also proximately caused Plaintiff's injuries and are liable under state and federal law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

///

COMPLAINT FOR DAMAGES

6.     The policies and customs behind attacking and arresting of civilians such as Daniel Garza are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as DANIEL GARZA herein seeks by means of this civil rights action to hold accountable those responsible for the unjustified attack, assault, use of force, handcuffing and detention of DANIEL GARZA and to challenge the CITY's unconstitutional policies and practices, this civil rights action is firmly in the public interest.

## **VENUE AND JURISDICTION**

7.     Venue is proper in this District because the underlying acts, omissions, injuries and related facts and circumstances giving rise to the present action occurred in this District.

8.     This Court has jurisdiction over plaintiffs' federal claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331 and 1334. Plaintiffs further invoke pendant jurisdiction of this Court to consider the claims arising under the law.

## **PARTIES**

9.     Plaintiff DANIEL GARZA (hereinafter "Plaintiff") is, and at all relevant times mentioned herein was, an individual living in the County of Los Angeles, California.

10.     Plaintiff is informed and believes that Defendant MARIO CARDONA (hereinafter "Cardona") is an individual living in the County of Los Angeles, California. At all relevant times, CARDONA was the employee and agent of Defendant CITY OF LOS ANGELES and was acting under color of law within the course and scope of his respective duties as a police officer and with complete authority and ratification of his principal Defendant CITY OF LOS ANGELES.

11.     Defendant CITY OF LOS ANGELES (hereinafter referred to as "CITY") is and was a duly organized public entity, form unknown, existing as such

under the laws of the State of California. At all relevant times, CITY was the employer of Defendant MARIO CARDONA, who was a CITY Police Officer and DOES 1 through 5 ("DOE OFFICERS"), and DOES 6 through 10 ("DOE SUPERVISORS"), who were managerial, supervisorial, and policymaking employees of the CITY Police Department, are sued in their individual capacity for damages only.

12.    Defendant LAPD POLICE CHIEF BECK is an individual living in the County of Los Angeles, California. At all relevant times, CARDONA was the employee and agent of Defendant CITY OF LOS ANGELES and was acting under color of law within the course and scope of his respective duties as a police officer and with complete authority and ratification of his principal Defendant CITY OF LOS ANGELES.

13.    At all relevant times, Defendant CARDONA and Defendants DOE OFFICER and DOE SUPERVISORS were duly appointed officers and/or employees or agents of CITY subject to oversight and supervision by the CITY's elected and non-elected officials.

14.    At all relevant times, Defendants DOE OFFICER and DOE SUPERVISORS were duly authorized employees and agents of the CITY, who were acting under color of law within the course and scope of their respective duties as employees of the CITY and with the complete authority and ratification of their principal, Defendant CITY.

15.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

16.    The true identities of defendants DOES 1 through 10, inclusive, are unknown to PLAINTIFF, who therefore sues these defendants by such fictitious names.  PLAINTIFF will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the

1   fictitious named defendants is responsible in some manner for the conduct and
2   liabilities alleged herein.

3       17.     In doing the acts and failing and omitting to act as hereinafter
4   described, Defendants DOE OFFICER and DOE SUPERVISORS were acting on
5   the implied and actual permission and consent of CITY.

6       18.     All Defendants who are natural persons, including DOES 1-10, are
7   sued individually and/or in his/her official capacity as officers, sergeants, captains,
8   commanders, supervisors, and/or civilian employees, agents, policy makers, and
9   representatives for the CITY OF LOS ANGELES.

10      19.     Defendants CITY and MARIO CARDONA are liable for Plaintiffs'
11  injuries under California law and under the doctrine of *respondeat* superior.
12  Liability under California law for public entities and public employees is based upon
13  California Government Code §§ 815.2 and 820.

14      20.     On MAY 14, 2015, PLAINTIFF filed a comprehensive and timely
15  claim for damages.

16      21.     On February 29, 2016 the claim was formally denied.

17

18          **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

19      22.     Plaintiff repeats and re-alleges each and every allegation in the forging
20  paragraphs of this Complaint with the same force and effect as if fully set forth
21  herein.

22      23.     On the morning of May 14, 2015, Plaintiff was in his front yard
23  performing physical exercises when his neighbor, Defendant Officer CARDONA,
24  arrived at his residence and parked his truck in the driveway across the street from
25  Plaintiff. After emerging from his parked truck, Defendant Officer CARDONA
26  without justification started yelling loudly and angrily at Plaintiff and ordered
27  Plaintiff to immediately "Come here" to his driveway.
28  ///

24.     Plaintiff was fearful of Defendant Officer CARDONA who appeared very angry. Defendant Officer CARDONA made repeated and vigorous gestures with his hand pointing to the ground immediately in front of the Defendant Officer CARDONA while continuing to demand that the Plaintiff come across the street.

25.     Immediately thereafter, Defendant Officer CARDONA charged across the street at Plaintiff and immediately, violently, and without provocation or legal justification, attacked Plaintiff by punching him in the face approximately 10 times.

26.     Defendant Officer CARDONA then performed a leg sweep on Plaintiff and took Plaintiff to the ground. Plaintiff landed on his back and Defendant Officer CARDONA got on top of Plaintiff and continued to violently, and without provocation or legal justification punched Plaintiff in the face approximately 10 additional times while on top of him. Plaintiff continually screamed "HELP ME" while Defendant Officer CARDONA was punching him in the face and several neighbors and passersby's stopped to witness the brutal attack.

27.     At no point did Plaintiff verbally threaten, strike, attempt to strike, kick, attempt to kick, punch or attempt to punch or resist Defendant Officer CARDONA's use of unreasonable and excessive force.

28.     After punching Plaintiff in the face approximately 10 times, Defendant Officer CARDONA turned Plaintiff around so that he was on his stomach on the ground and got on top of Plaintiff's back, put his knee in his back, and pulled his arms behind him. While doing this Defendant Officer CARDONA began yelling that he has a "kidnapping suspect" in custody and that there was warrant for Plaintiff's arrest. At all times herein, Defendant Officer CARDONA asserted his authority as a police officer and used excessive force to detain and arrest Plaintiff.

29.     Defendant Officer CARDONA then motioned to an individual to bring him his duty belt from his truck. The individual brought Defendant Officer CARDONA his duty belt which contained his LAPD handcuffs and he handcuffed Plaintiff. After handcuffing Plaintiff he twisted Plaintiff wrists while in the

1   handcuffs for over five minutes causing significant pain and injuries to Plaintiff's
2   wrists. Plaintiff continually screamed "HELP".

3      30.    While on Plaintiff's back and twisting his wrists in handcuffs,
4   Defendant Officer CARDONA made a dispatch call to his station that he has a
5   "kidnapping suspect" in custody and that there was warrant for Plaintiff's arrest.
6   Defendant Officer CARDONA was acting under the color of law, and asserted his
7   authority as a Los Angeles Police Department police officer and placed Plaintiff
8   under arrest with LAPD handcuffs in order for other officers to arrive on the scene.

9      31.    Defendant Officer CARDONA's statements that Plaintiff was a
10  "kidnapping suspect" and that there was a warrant for his arrest were false. By
11  making the statement that Plaintiff was a "kidnapping suspect" and there was a
12  warrant for his arrest, Defendant Officer CARDONA was acting under the color of
13  law, and asserted his authority as a Los Angeles Police Department police officer.

14     32.    During the time that Defendant Officer CARDONA was brutally
15  attacking Plaintiff several neighbors came out of their homes and passersby's
16  stopped to witness the attack. One witnesses heard Plaintiff scream "HELP ME" and
17  walked out of his house to witness Defendant Officer CARDONA punching
18  Plaintiff in the face while he was standing up, and then take Plaintiff to the ground
19  and continue punching him in the face. This witness also observed Defendant
20  Officer CARDONA twisting Plaintiff's wrists in handcuffs causing Plaintiff
21  extreme and unjustified pain.

22     33.    Another witness who was driving by and saw Defendant Officer
23  CARDONA on top of Plaintiff, stopped and began recording the incident on his
24  phone. The video depicts Defendant Officer CARDONA on top of Plaintiff for more
25  than 10 minutes, continually and unjustifiably twisting Plaintiff's wrists while he
26  was in handcuffs, causing him extreme pain and injury. The witness walks over to
27  scene while videotaping and tells Defendant Officer CARDONA that "that looks
28  like it hurts" to which Defendant Officer CARDONA responds, "it does now get

back". During this time, Plaintiff is continually screaming out in pain and asking for help. Defendant Officer CARDONA continued to repeat that he had a kidnapping suspect in custody and that there was a warrant for Plaintiff's arrest. At no point in the video is Plaintiff resisting Defendant Officer CARDONA's use of force.

34.     Defendant CARDONA further continued to violate Plaintiff's constitutional as well as civil rights when he waived off another member of the LAPD, who happened to be passing by and stopped to render assistance by falsely alleging that he had just arrested Plaintiff who is a "kidnapping suspect".

35.     At some point thereafter, numerous police and sheriffs responded to the scene due to the call made of a "kidnapping suspect" in custody. Once they arrived Plaintiff was placed in the back of a patrol car and detained for hours.

36.     The officers who arrived on the scene, including numerous supervisory officers, all went into Defendant Officer CARDONA's residence for an extended period of time while Plaintiff was left in the patrol car.

37.     Based on witnesses' accounts, for the next few weeks numerous undercover and unmarked police cars were parked in front of Plaintiff's residence and on the block in an effort to intimidate, frighten, bully, threaten and terrorize Plaintiff and the neighbors. Neighbors and Plaintiff became fearful of the police due to the number of unmarked and undercover police stationed on their block. Plaintiff and his family were unable to return home for weeks after the incident due to the intimidation and fear caused by the number of undercover and unmarked police cars parked in front of their home.

38.     At some point after the day of the incident, Defendant Officer CARDONA walked over the witnesses' home who had taken the video of the assault, and in an intimidating manner stood in front of the house, which was a few streets away from the incident, and stared into the home for some time. The family who was inside the house became extremely fearful when they noticed Defendant Officer CARDONA standing outside their home attempting to intimidate, frighten,

bully, threaten and terrorize them. To this day neighbors who witnessed the incident are fearful of retaliation from the Los Angeles Police Department and Defendant Officer CARDONA.

39.     On June 12, 2015, Plaintiff filed a restraining order in the Superior Court of California, County of Los Angeles (Case No. VS027389) against Defendant Officer CARDONA due to the brutal attack and use of force on May 14, 2015, and the ongoing harassment, intimidation, threats and bullying by the Los Angeles Police Department and Defendant Officer CARDONA.

40.     On July 6, 2015, a hearing was held before the Court on Plaintiff's restraining order, and witnesses to the May 14, 2015 attack and use of force testified that they observed Defendant Officer CARDONA unjustifiably use force against Plaintiff and that Plaintiff "did not appear to do anything or otherwise resist" Defendant Officer CARDONA.

41.     During the hearing before the Court on Plaintiff's restraining order, and while under oath, Defendant Officer CARDONA lied and stated that he never threw a punch at Plaintiff and did not twist his wrists. Such statements were directly contradicted by eye witness testimony and the video footage recorded by the witnesses.

42.     On July 13, 2015, the Honorable Patrick T. Meyers issued a twenty-three page order granting a three-year restraining order against Defendant Officer CARDONA and finding that: "The totality of the evidence showed by a clear and convincing evidence that respondent [Mario Cardona] was the aggressor and that he engaged in assaultive conduct against the petitioner….that the testimony and other showing of responded lacked credibility."

43.     Despite this strong evidence of wrongdoing, and unlawful use of force under the color of law by Defendant Officer CARDONA, on February 29, 2016, Defendant Police Chief Beck and Capitan Greg McManus wrote Plaintiff a letter stating that after an investigation and review of the facts about the May 14, 2015

1  incident involving Defendant Officer CARDONA "Your allegations that an officer

2  used unauthorized force against you….were classified as *Unfounded*…..Your

3  allegation that an officer twisted your arm twisted your wrists causing pain was

4  classified as *Exonerated*, which means that investigation determined that the act

5  occurred, but was justified, lawful and proper."

6      44.    By issuing the findings contained in the February 29, 2016 letter from

7  Defendant Police Chief Beck, the Los Angeles Police Department, Defendant Police

8  Chief Beck, Defendant CITY and unknown supervisorial officers ratified and

9  condoned the unlawful and unjustified use of force by Defendant CARDONA

10  against Plaintiff on May 14, 2015. This finding by Defendant Police Chief Beck is

11  contrary and unsupported in light of the overwhelming eye witnesses' testimony,

12  video footage of the incident and the three-year restraining order granted on July 13,

13  2015 against Defendant Officer CARDONA by Honorable Patrick T. Meyers.

14      45.    On information and belief, Defendant Officer CARDONA was not

15  disciplined for the use of force on May 14, 2015 against Plaintiff.

16      46.    Defendant Police Chief Beck has failed to impose adequate discipline

17  on his officers, including Defendant Officer CARDONA, who committed these

18  unlawful uses of excessive force, creating a culture of impunity within the LAPD

19  that encourages such violence and incidents of unreasonable force against the

20  public.

21      47.    As a result of the unprovoked, unjustified and unreasonable use of

22  force against Plaintiff by Defendant Officer CARDONA, Plaintiff sustained injuries

23  to his entire body, including his head, face, wrist, back, and shoulders. Plaintiff

24  suffered severe damage to his wrists, including nerve damage.

25      48.    As a result of the foregoing, Plaintiff suffered, and continues to suffer

26  from physical and emotional pain, anguish, and distress and psychological injury.

27  ///

28

1  ///

## **FIRST CLAIM FOR RELIEF**

### **Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

### **(Against All Defendants)**

49.    PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1-48 of this Complaint with the same force and effect as if fully set forth herein.

50.    Defendant Officer CARDONA, as an individual and agent of CITY OF LOS ANGELES, detained Plaintiff without reasonable suspicion and arrested Plaintiff without probable cause in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

51.    The conduct of the Defendant Officer CARDONA was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officer CARDONA.

52.    As a result of the conduct of Defendants, they are liable for Plaintiff's injuries, either because they were an integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

53.    Plaintiff was detained without reasonable suspicion and arrested without probable cause. At the time of his detention and arrest by Defendant Officer CARDONA, Plaintiff was simply exercising on his front lawn and had committed no crime.

54.    Accordingly, Defendants are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks reasonable attorneys' fees under this claim

///

1   ///

2   ## SECOND CLAIM FOR RELIEF

3   **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

4   **(Against All DEFENDANTS )**

5        55.    PLAINTIFF repeats and re-alleges each and every allegation in

6   paragraphs1-54 of this Complaint with the same force and effect as if fully set forth

7   herein.

8        56.    Defendant Officer CARDONA's unreasonable use of force against

9   Plaintiff, including but not limited to, attacking, hitting, punching and twisting his

10   wrists, handcuffing and slamming him to the ground without any justification,

11   deprived Plaintiff of his right to be secure in his person against unreasonable

12   searches and seizures as guaranteed to the Plaintiff under the Fourth Amendment to

13   the United States Constitution and applied to state actors by the Fourteenth

14   Amendment, and further deprived Plaintiff of due process as guaranteed to the him

15   under the Fourteenth Amendment to the United States Constitution.

16        57.    As a result, Plaintiff suffered serious physical and emotional injury,

17   including, but not limited to, nerve damage.

18        58.    Plaintiff was not armed, had committed no crime, and posed no risk to

19   Defendant Officer CARDONA or others, and did not resist at any point.

20        59.    At no time during the incident did Plaintiff verbally threaten or attempt

21   to punch, kick, or grab Defendant Officer CARDONA or any other person.

22        60.    Given his use of force against Plaintiff, Defendant Officer CARDONA

23   knew that failure to treat Plaintiff's medical condition could result in further

24   significant injury or the unnecessary and wanton infliction of pain, but disregarded

25   that serious medical need, causing him great bodily harm and emotional distress.

26        61.    Defendant Officer CARDONA actions thus deprived Plaintiff of his

27   right to be free from unreasonable seizures under the Fourth Amendment as applied

28   to state actors by the Fourteenth Amendment.

///

62.     The conduct of Defendant Officer CARDONA was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages against Defendant Officer CARDONA.

63.     As a result of the aforementioned excessive and unreasonable force, Plaintiff was caused to suffer severe pain and suffering. Also as a direct and proximate result of Defendant Officer CARDONA conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiff is also claiming all the medical expenses.

64.     Accordingly, Defendants are each liable to Plaintiffs for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks reasonable attorneys' fees under this claim.

### THIRD CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(Against Defendants CARDONA, CITY, BECK and DOES 1-10)**

65.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1-64 of this Complaint with the same force and effect as if fully set forth herein.

66.     Defendant Officer CARDONA's use of force against Plaintiff on May 14, 2015, who was unarmed, had committed no crime, and was not resisting was found to be within CITY Police Department Policy.

67.     Defendant Officer CARDONA's use of force against Plaintiff on May 14, 2015, who was unarmed, had committed no crime, and was not resisting was ratified by CITY Police Department supervisorial officers, including Defendant Police Chief Beck.

68.     Despite this strong evidence of wrongdoing, and unlawful use of force

under the color of law by Defendant Officer CARDONA, on February 29, 2016, Defendant Police Chief Beck and Capitan Greg McManus wrote Plaintiff a letter stating that after an investigation and review of the facts about the May 14, 2015 incident involving Defendant Officer CARDONA "Your allegations that an officer used unauthorized force against you….were classified as *Unfounded*…..Your allegation that an officer twisted your arm twisted your wrists causing pain was classified as *Exonerated*, which means that investigation determined that the act occurred, but was justified, lawful and proper."

69.   This finding by Defendant Police Chief Beck is contrary and unsupported in light of the overwhelming eye witnesses' testimony, video footage of the incident and the three-year restraining order granted on July 13, 2015 against Defendant Officer CARDONA by Honorable Patrick T. Meyers.

70.   On information and belief, Defendant Officer CARDONA was not disciplined for the use of force on May 14, 2015 against Plaintiff.

71.   Defendant Police Chief Beck has failed to impose adequate discipline on his officers, including Defendant Officer CARDONA, who committed these unlawful uses of excessive force, creating a culture of impunity within the LAPD that encourages such violence and incidents of unreasonable force against the public.  Chief Beck's finding that the use of force here was justified, lawful, and proper is demonstrative of the inadequate investigations and the failure to take appropriate corrective action that plagues the LAPD and causes a pattern, policy, and practice of tolerating and encouraging the use of excessive force.

72.   Based on witnesses' accounts, for the next 2-3 weeks numerous undercover and unmarked police cars were parked in front of Plaintiff's residence and on the block in an effort to intimidate, frighten, bully, threaten and terrorize Plaintiff and the neighbors. Neighbors and Plaintiff became fearful of the police due to the number of unmarked and undercover police stationed on their block. Plaintiff and his family were unable to return home for weeks after the incident due to the

intimidation and fear caused by the number of undercover and unmarked police cars parked in front of their home.

73.   On and for some time prior to May 14, 2015 (and continuing to the present date) Defendants CITY of LOS ANGELES, Police Chief Beck and DOE SUPERVISORS, deprived Plaintiff, of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY custom, policy, and practice of:

(a)   Employing and retaining as police officers and other personnel, including Defendant Officer CARDONA, who Defendants CITY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing his authority by using excessive force, and for mistreating citizens by failing to follow written CITY Police Department's policies, including the use of excessive force;

(b)   Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other CITY personnel, including Defendant Officer CARDONA, who Defendants CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence and the use of excessive force;

(c)   By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and

1    controlling the intentional misconduct by Defendant Officer

2    CARDONA, who is a CITY employee and police officer;

3    (d)    By failing to adequately train officers, including Defendant

4    Officer CARDONA, and failing to institute appropriate policies,

5    regarding constitutional procedures and practices for use of

6    force;

7    (e)    By failing to discipline CITY police officers' conduct, including

8    Defendant Officer CARDONA, for unlawful detention and use

9    of force;

10    (f)    By ratifying the intentional misconduct of Defendant Officer

11    CARDONA and other police officers, who are police officers of

12    the CITY, and commit unlawful detentions and use of force;

13    (g)    By failing to properly investigate claims of unlawful detention

14    and excessive force by CITY police officers, including

15    Defendant Officer CARDONA; and

16    (h)    By having and maintaining an unconstitutional custom and

17    practice of detaining and arresting individuals without probable

18    cause or reasonable suspicion, using excessive force, failing to

19    obtain medical care, depriving persons of life, liberty, and

20    property so as to shock the conscience, which is also

21    demonstrated by inadequate training regarding these subjects.

22    The customs and practices of CITY and DOE SUPERVISORS

23    were done with a deliberate indifference to individuals' safety

24    and rights.

25    74.    By reason of the aforementioned policies and practices of Defendants

26    CITY, Defendant Police Chief Beck and DOE SUPERVISORS, Plaintiff was

27    severely injured and subjected to pain and suffering, and extreme and severe

28    emotional distress.

75.     The aforementioned customs and practices of CITY were implemented and/or maintained with deliberate indifference to individuals' safety and rights.

76.     Defendants CITY, Defendant Police Chief Beck and DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

77.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY, Defendant Police Chief Beck and DOE SUPERVISORS acted with an intentional, reckless, and callous disregard toward PLAINTIFF, and of the constitutional as well as human rights of PLAINTIFF. Defendants CITY, Defendant Police Chief Beck and DOE SUPERVISORS and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

78.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants CITY, Defendant Police Chief Beck and DOE SUPERVISORS were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

79.     Accordingly, Defendants CITY, Defendant Police Chief Beck and DOE SUPERVISORS each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

80.     On information and belief, the aforementioned acts were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to Defendant Police Chief Beck and DOE SUPERVISORS.

81.     Accordingly, Defendants are each liable to Plaintiffs for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks reasonable attorneys' fees under this claim.

## FOURTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

### (Against Defendants, CARDONA CITY, BECK, and DOES 1-10)

82.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-81 of this Complaint with the same force and effect as if fully set forth herein.

83.     Defendant Officer CARDONA, while working as police officers for the City of Los Angeles, and acting within the course and scope of their duties, intentionally deprived Plaintiff of his freedom of movement by use of force, including threats of force, menace, fraud, deceit, and unreasonable duress. Defendant Officer CARDONA also detained Plaintiff.  Said detention was made without reasonable suspicion.  There was an attempt to arrest the Plaintiff.  Said arrest was attempted without probable cause.

84.     Plaintiff did not knowingly or voluntarily consent.

85.     The conduct of Defendant Officer CARDONA was a substantial factor in causing the harm of Plaintiff.

86.     City of Los Angeles is vicariously liable for the wrongful acts of Defendant Officer CARDONA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

87.     The conduct of Defendant Officer CARDONA was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

88.     Plaintiff is seeking all damages under this claim.

**FIFTH CLAIM FOR RELIEF**

**Assault and Battery (Cal. Govt. Code § 820 and California Common Law)**

**(Against Defendants CITY OF LOS ANGELES, Police Officer MARIO**

**CARDONA, DOES 1 to 10, and Police Chief CHARLIE BECK, in his**

**individual, and official capacity)**

89.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1-88 of this Complaint with the same force and effect as if fully set forth herein.

90.     Defendant Officer CARDONA, while working as Police Officers for the CITY Police Department, and acting within the course and scope of his duties, wrongfully, unlawfully, intentionally and violently touched and battered Plaintiff sustaining serious injuries.

91.     Defendant Officer CARDONA had no legal justification for his actions, and Defendant Officer CARDONA use of force against Plaintiff, unjustified attack, assault, use of force, handcuffing and detention, while carrying out his duty as officer and as a CITY employee was an unreasonable use of force.

92.     Defendant Officer CARDONA also intentionally used unreasonable force against Plaintiff, including but not limited to attacking and hitting him when he posed no threat to the officer or anyone else. Upon information and belief, Plaintiff was struck approximately of 10 times while he was standing and approximately 10 times while he was on the ground and defenseless.

93.     As a direct and proximate result of Defendant Officer CARDONA's conduct as alleged above, Plaintiff was caused to suffer severe pain and suffering.

94.     CITY is vicariously liable for Defendant Officer CARDONA's wrongful acts pursuant to section 815.2 (a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her

1  to liability.

2      95.    Plaintiff is informed and believe and thereon alleges that the Defendant

3  Officer CARDONA's conduct was malicious, wanton, oppressive, and

4  accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff

5  to an award of exemplary and punitive damages in an amount to be determined at

6  time of trial.

7      96.    As a result of their conduct, Defendants are liable for Mr. Garza's

8  injuries, either because they were integral participants in the assault and battery, or

9  because they failed to intervene to prevent these violations, or under the doctrine of

10  *respondeat* superior.

11      97.    Plaintiffs are seeking all damages under this claim.

12

13              **SIXTH CLAIM FOR RELIEF**

14      **Negligence (Cal. Govt. Code § 820 and California Common Law)**

15      **(Against Defendants CITY OF LOS ANGELES, Police Officer MARIO**

16  **CARDONA, DOES 1-10 and Police Chief CHARLIE BECK, in his individual,**

17                  **and official capacity)**

18      98.    PLAINTIFF repeats and re-alleges each and every allegation in

19
paragraphs 1-97 of this Complaint with the same force and effect as if fully set forth
20
herein.
21
      99.    The actions of Defendant Officer CARDONA toward Plaintiff were
22
negligent and reckless, including but not limited to:
23
            (a)    the failure to properly and adequately assess the need to detain,
24
                  arrest, and use force against Plaintiff;
25
            (b)    the failure to monitor and record any use of force by CITY,
26
                  including Defendant Officer CARDONA;
27
            (c)    the failure to monitor and record any injuries specifically caused
28

by the use of force by CITY, including Defendant Officer CARDONA;

(d)   the negligent tactics and handling of the situation with Plaintiff;

(e)   the negligent detention, arrest, and use of force including against Plaintiff;

(f)   the failure to properly train and supervise employees, both professional and non-professional, including Defendant Officer CARDONA;

(g)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff;

(h)   the failure to provide prompt medical care to Plaintiff; and

(i)   the negligent handling of evidence and witnesses.

100.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain and suffering, both physically and emotionally.

101.   In addition, at the aforementioned date, time and place, Defendants negligently, carelessly and without reasonable care, touched and violently battered Plaintiff.

102.   The CITY is vicariously liable for the wrongful acts of DOE OFFICERS pursuant to section 815.2 (a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

103.   The aforementioned acts and omissions of Defendant Officer CARDONA, were committed by him knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff, with conscious disregard to his known rights and deliberate indifference to the risk of injury to Plaintiff. By

1   reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants,

2   and each of them, (except Defendant CITY) in an amount as proved.

3       104.   Defendants CITY OF LOS ANGELES, Police Chief CHARLIE

4   BECK, and DOES 1 through 10, inclusive, knew or reasonably should have known

5   that Defendant Officer CARDONA would engage in such a violent misconduct

6   against Plaintiff, during the course and scope of his employment, and that, as a

7   direct and proximate result of those violations, Plaintiff would suffer injuries as

8   alleged herein.

9       105.   Defendants CITY OF LOS ANGELES, Police Chief CHARLIE

10  BECK, and DOES 1 through 10, inclusive, knew or reasonably should have known

11  that Defendant Officer CARDONA would engage in such a violent misconduct

12  against Plaintiff, during the course and scope of his employment, and that, as a

13  direct and proximate result of those violations, Plaintiff would suffer injuries as

14  alleged herein.

15      106.   Defendants had the authority to supervise, prohibit, control, and/or

16  regulate Defendant Officer CARDONA so as to prevent these acts and omissions

17  from occurring.

18      107.   Defendants failed to exercise due care by hiring, retaining and failing to

19  supervise, prohibit, control or regulate Defendant Officer CARDONA.  As a direct

20  and proximate result of defendants' negligent hiring, retention and supervision,

21  control and regulation of Defendant Officer CARDONA, Plaintiff has suffered and

22  continues to suffer injuries entitling him to damages in amounts to be proven at trial.

23      108.   By the aforesaid acts and omissions of defendants, and each of them,

24  Plaintiff has been directly and legally caused to suffer actual damages including, but

25  not limited to, extreme pain and suffering both with regards to physical and mental

26  suffering.

27      109.   As a further direct and legal result of the acts and conduct of

28  defendants, and each of them, as aforesaid, Plaintiff has been caused to and did

-20-
COMPLAINT FOR DAMAGES

suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, psychological harm, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to Plaintiff. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

110.    Plaintiff is informed and believes, and thereon alleges, that the defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

111.    Plaintiff is seeking all damages under this claim.

**SEVENTH CLAIM FOR RELIEF**

**Violation of Bane Act (Cal. Civil. Code § 52.1)**

**(Against Defendants CITY OF LOS ANGELES, Police Officer MARIO CARDONA, DOES 1-10 and Police Chief CHARLIE BECK, in his individual, and official capacity)**

112.    PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1-111 of this Complaint with the same force and effect as if fully set forth herein.

113.    As alleged herein, Defendant Officer CARDONA and CITY interfered by threats, intimidation, or coercion with Plaintiff's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be from excessive force, the right to due process, and the right to bodily integrity and protection from bodily harm, including his rights under Civil Code

Section 43, Penal Code Sections 149, 240 and 242, and his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

114. Defendants' conduct caused Plaintiff extreme pain and suffering both with regards to physical and mental suffering.

115. As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior.*

116. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, without limitation, pain and suffering, physical injuries and sickness, emotional distress, psychological injury, medical expenses, attorneys' fees, costs of suit.

117. Plaintiff is informed and believe and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

118. Plaintiff brings this claim seeks all damages under state law. Plaintiff also seeks reasonable attorneys' fees under this claim.

## EIGHT CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### [AGAINST ALL DEFENDANTS]

119. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1-118 of this Complaint with the same force and effect as if fully set forth herein.

120.   Defendants' conduct as described above was extreme and outrageous and was done with the intent of causing Plaintiff to suffer emotional distress or with reckless disregard as to whether their conduct would cause him to suffer such distress.

121.   By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

122.   As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to Plaintiff. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

123.   Plaintiff is informed and believes, and thereon alleges, that the defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## [AGAINST ALL DEFENDANTS]

124.   PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1-123 of this Complaint with the same force and effect as if fully set

forth herein.

125.   In the alternative, Defendants' conduct, as alleged above, was done in a careless or negligent manner, without consideration for the effect of such conduct upon Plaintiff's emotional well-being.

126.   By the aforesaid acts and omissions of defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

127.   As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to Plaintiff.  Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

128.   Plaintiff is informed and believes, and thereon alleges, that the defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment their favor and against Defendants Officer MARIO CARDANO, CITY OF LOS ANGELES, Police Chief CHARLIE BECK, in his individual and official capacity, and Does 1-10, inclusive, as follows:

A.  For general and compensatory damages as set forth throughout the complaint according to proof with prejudgment interest thereon to the extent allowable by law;

B.  Damages for severe emotional distress, physical pain and suffering, physical injury, humiliation, grief, nervousness, shame, fright, anxiety, depression, panic attacks, sorrow, worry, low self-esteem, psychological injury, and related emotional and mental anguish in an amount to be determined by the jury at the trial of this matter;

C.  Damages for medical expenses and related items of expenses in an amount to be determined by the jury at the trial of this matter

D.  The award of punitive and exemplary damages against Defendants in an amount to be proven at trial.

E.  For reasonable costs of this suit and attorneys' fees;

F.  Interest, including prejudgment interest, as allowed by law;

G.  For such further other relief as the Court may deem just, proper, and appropriate.

1 │ DATED:  May 20, 2016          V. JAMES DESIMONE LAW

2

3 │                                              By_____

4 │                                                  V. James DeDimone, Esq
                                                    Attorneys for Plaintiff,
5

6 │ DATED:  May 20, 2016          NAVAB LAW

7

8 │                                              By_____
                                                    Kaveh Navab
9 │                                                  Attorneys for Plaintiff,

10

11

12                          **<u>DEMAND FOR JURY TRIAL</u>**

13 │        Plaintiff hereby demands a trial by jury.

14

15 │ DATED:  May 20, 2016          V. JAMES DESIMONE LAW

16

17

18 │                                              By_____
                                                    V. James DeSimone
19 │                                                  Attorneys for Plaintiff,

20

21 │ DATED:  May 20, 2016          NAVAB LAW

22

23 │                                              By_____
                                                    Kaveh Navab
24 │                                                  Attorneys for Plaintiff,

25

26

27

28

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DAMAGES